Koechlin v. Lorber.

## No. 4894.

FERDINAND KOECHLIN *v.* MRS. LOUISA THONTKE, wife of F. J. LORBER.

26  737
d123  241

The defendant, a married woman, is sued on three mortgage promissory notes drawn by her. It being in evidence that the defendant executed said mortgage on her separate property in favor of a firm of which her husband was a partner, to secure the payment of a certain sum of money which had always appeared in the books of the firm as the debt of her husband, who, to the knowledge of the firm and without their objection, was in the habit of drawing largely in excess of the amount he was authorized by the articles of partnership to withdraw annually, and which sum invested by her in the mortgaged property, sought to be seized, was given to her at a time when he was indebted to her in a greater amount for the restitution of paraphernal funds:

Held—That said mortgaged property can not be seized by the holders of the notes, on the ground that she can not bind herself for her husband's debts.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. J. L. Tissot, Lea, Finney & Miller,* for plaintiff and appellee. *Roselius, A. Voorhies* and *A. Philips,* for defendant and appellant.

HOWELL, J. Plaintiff, as holder of three notes for $6000 each, secured by mortgage, caused executory process to issue and the mortgaged property to be seized. The defendant, a married woman, separate in property and maker of said notes, injoined the writ on the ground that the debt, for which the notes and mortgage were executed, was the debt of her husband. The theory of the plaintiff, based on and supported by the act of mortgage which so declares and which he is seeking to enforce, is, that the defendant on the fifteenth November, 1865, borrowed $18,000 from the firm of Leisy & Lorber, (Lorber being her husband) to pay for a house and lot. The notes and mortgage for this sum were given on the eighth June, 1870, to the plaintiff as a creditor of said firm, then and now in liquidation, upon a certificate of the judge of the Second District Court for the parish of Orleans, authorizing the defendant to execute a mortgage to secure the sum which she had borrowed. It is urged by plaintiff that this certificate is conclusive against the defendant, but there is evidence in the record, introduced by the plaintiff himself, that the sum in question was charged to the husband of defendant and continued from year to year by charging him with the interest thereon. This with the proof that the defendant's husband was, at the time, indebted to her in a much larger sum and that she used the money in buying a residence in her own name, makes it clear that the firm of Leisy & Lorber did not consider it a debt of the defendant. It was the restoring to defendant, by her husband, of her paraphernal funds received by him and which she invested in separate property. But it is contended by plaintiff, who is the subrogee of Leisy & Lorber, that Lorber could not legally and properly use a check of his firm, as was done, in paying his individual debt and that the firm or its creditor can pursue the individual creditor, so paid, and recover back the money. Conceding this to be a cor-

47

rect legal proposition (upon which we express no opinion), the dealings of the firm with the partner, in this instance, would take this case out of the operation of the rule. The partner was allowed, prior and subsequent to this transaction, to draw sums largely in excess of the amount, which by the articles of partnership he was authorized to withdraw annually, and the taking of this money and the use made of it was known to the other partner and still the same course of dealing and conduct was continued, and more than two years after such definite knowledge the partnership was renewed for a year. It was after all this that the defendant executed the mortgage to secure said sum of money, which appeared always in the books of the firm as the debt of her husband which was given to her at a time when he was indebted to her in a greater amount. Under these circumstances she can not, according to the law and jurisprudence of this State, be made to pay the debt.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of the defendant with costs in both courts.